# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—
## GENERAL

| Case No. | 5:22-cv-01729-SSS-SHKx | Date | October 12, 2022 |
|---|---|---|---|
| Title | *MG Victoria Arbors Apartments SLM LLC v. Ames, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING DEFENDANT'S REQUEST TO PROCEED *IN FORMA PAUPERIS* [DKT. 3] AND REMANDING THE CASE TO STATE COURT**

Before the Court is Defendant Leonard Williams' Request to Proceed *In Forma Pauperis* ("Request"). [Dkt. 3]. Williams removed this action from Superior Court of California, County of San Bernadino. [Dkt. 1]. Because Williams' removal was improper, the Court REMANDS this case to state court and, accordingly, DENIES Williams' Request. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that § 1915(e) applies to all IFP requests).

All parties initiating any proceeding in a United States District Court, with the exception of applications for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.1965). Further, a court must review a *pro se* complaint and dismiss it *sua sponte* if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). "*Pro*

se pleadings are 'held to less stringent standards' than those drafted by a lawyer." *Singleton v. Cty of Riverside*, No. EDCV 21-2164 AB (PVC), 2022 WL 1266656, at *2 (C.D. Cal. Apr. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, courts may not rewrite an otherwise deficient pleading. *Singleton*, No. EDCV 21-2164 AB (PVC), 2022 WL 1266656, at *2. Courts should give notice of the deficiencies to *pro se* plaintiffs and grant them an opportunity to cure these deficiencies prior to dismissing the complaints. *Id*. at *3.

Federal courts cannot consider claims that lack subject matter jurisdiction. *Stapleton v. City of Victorville*, No. 17-cv-2469-PSG-PLAx, 2018 WL 6262830, at *2 (C.D. Cal. June 7, 2018) (citing *Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). "The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011). If, at any time, the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). There are three ways for a plaintiff to establish subject matter jurisdiction. The first way is to establish federal question jurisdiction by asserting a claim arising from a violation of a federal law, statute, or treaty. 28 U.S.C. § 1332. The second way is to establish diversity jurisdiction by asserting a claim for a sum of $75,000 and demonstrating the parties are citizens of different states or countries. 28 U.S.C. § 1332. The third way is to establish supplemental jurisdiction by showing either that a state law claim is related to a federal question claim or that there is diversity jurisdiction. 28 U.S.C. § 1367(a). Where a complaint is lacking federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction, the Court then lacks subject matter jurisdiction. Without subject matter jurisdiction, this Court cannot hear the plaintiff's claim. *Stapleton*, No. 17-cv-2469-PSG-PLAx, 2018 WL 6262830, at *2.

Here, Williams' Notice of Removal fails to allege this Court has subject matter jurisdiction over the action. Plaintiff MG Victoria Apartments SLM LLC ("MG Victoria") initiated this action in state court against Williams and Defendant Shequita Ames for unlawful detainer. [Dkt. 1 at 5]. In the state of California, suits for unlawful detainer are pursuant to Cal. Civ. Pro. § 1161. As there is no federal basis for MG Victoria's, this Court does not have federal question jurisdiction. 28 U.S.C. § 1331. Further, MG Victoria's prayer for damages does not exceed $10,000.00. [Dkt. 1 at 5]. As such, the amount in controversy does not meet the statutory requirement and therefore this Court does not have diversity jurisdiction. 28 U.S.C. § 1332. Lastly, because there is no federal law that relates to MG Victoria's state law claim, there is no supplemental jurisdiction. 28 U.S.C. §

Initials of Deputy Clerk <u>iv</u>

1367(a).  Accordingly, there is no subject matter jurisdiction and Williams' removal of the action to this Court was improper.

Because Williams' removal of the action from the Superior Court of California, County of San Bernadino to this Court was improper, the action is **REMANDED** back to state court and Williams' Request [Dkt. 3] is **DENIED**. Accordingly, MG Victoria's Ex Parte Application to Remand the Case to San Bernadino Superior Court [Dkt. 7] and its Motion to Remand the Case [Dkt. 8] are **MOOT**.

**IT IS SO ORDERED**.

**CIVIL MINUTES—
GENERAL**

Initials of Deputy Clerk <u>iv</u>